UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI SHAMBLIN, individually and )
on behalf of all others similarly situated, )
                                                                                              )
                  Plaintiff, )
v. )
                                                                           )
OBAMA FOR AMERICA, )
                                                                            )
                  Defendant. )
_____/

**CLASS ACTION COMPLAINT**
**(Injunctive Relief Sought and Demand for Jury Trial)**

### I. NATURE OF ACTION

1. Two months before the 2012 presidential election, the Federal Communications Commission ("FCC") issued an Enforcement Advisory reminding political organizations that auto-dialed or pre-recorded calls are unlawful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 when directed to a cell phone.

2. Despite the TCPA's prohibition of robo-calls to cell phones, and the FCC's reminder that such calls are illegal, President Obama's principal campaign committee, Obama for America, bombarded voter cell phones with both auto-dialed and pre-recorded calls urging the recipients to vote for Barack Obama in the 2012 presidential election.

1

3. Plaintiff Lori Shamblin received multiple illegal calls as part of Defendant's pre-election calling campaign and brings this class action for injunctive relief and statutory damages under the TCPA as a remedy for Defendant's unlawful conduct.

## II. Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the TCPA.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the automated calls giving rise to Plaintiff's claims occurred within this District.

## III. PARTIES

6. Plaintiff Lori Shamblin is a citizen of the State of Florida and a resident of Bradenton, Florida.

7. Defendant Obama for America is registered as a non-profit corporation under the laws of the State of Illinois and was the re-election committee for President Barack Obama's re-election campaign in 2012.

## IV. CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of a class defined as, subject to revision by the Court as appropriate:

> All persons who received one or more non-emergency telephone calls from Defendant in 2012 to a cellular telephone through the use of an automatic-telephone-dialing system or an artificial or pre-recorded voice, and for whom Defendant's record do not show prior express consent for those calls.

Excluded from the class is any officer, director, employee, or agent of Defendant, or the Judge, including staff and immediate family of any Judge to whom this action is assigned.

9. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Rule 23.

10. <u>Numerosity</u>: Defendants' pre-election calling campaign was far-reaching and made without regard to whether the telephone numbers dialed were assigned to a cellular telephone service. It would therefore be impractical to join all class members, who are likely to number in the tens of thousands, into a single action through conventional joinder.

11. <u>Commonality</u>: Plaintiff's and class members' TCPA claims raise predominantly factual and legal questions that can be answered for all class members through a single class-wide proceeding. For example, to resolve any class member's TCPA claims, it will be necessary to answer the following questions, each of which can be answered through common, generalized evidence (such as Defendant's call logs and records):

    a. Did Defendant conduct a pre-election calling campaign?

    b. Were the cellular telephone numbers of Plaintiff and class members among those called during Defendant's pre-election calling campaign?

    c. Should Defendant be enjoined from making further auto-dialed and/or pre-recorded telephone calls to cell phones in the future.

  d. Does Defendant have any record that Plaintiff or other class members provided them with prior express consent to receive auto-dialed or pre-recorded calls on their cellular phones?

  e. Was Defendant's conduct knowing or willful to justify an increase in the statutory damages Defendant is required to pay for each violation?

12. <u>Typicality</u>: Plaintiff's claim is typical of class member's claims, as each arises from the same conduct and automated-calling practices of Defendant.

13. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class. Her interests do not conflict with the class's interests and she has retained counsel experienced in class action and TCPA litigation to prosecute this action on behalf of the class.

14. In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual members and a class action is superior to individual litigation. The amount of statutory damages available to individual plaintiffs is insufficient to make litigation addressing Defendant's conduct economically feasible in the absence of the class action procedure.

15. Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief appropriate for the class as a whole.

## V. Claim for Relief

**Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227**

16. The TCPA made it illegal to call any telephone number assigned to a cellular telephone service using an automatic-telephone-dialing system or an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A). The statute imposes strict liability for violations, making exceptions only for calls made for emergency purposes or made with the prior express consent of the called party.

17. In the days prior to the 2012 presidential election, Defendant Obama for America initiated a pro-Obama calling campaign that violated 47 U.S.C. § 227(b)(1)(A) by targeting voter cell phones with auto-dialed calls and pre-recorded messages.

18. Beginning in or about September 2012 and continuing up to the November 2012 election, Obama for America made unsolicited auto-dialed telephone calls to plaintiff Shamblin's cellular telephone number. When plaintiff Shamblin did not answer the call, Obama for America's pre-recorded message was left on her cellular telephone's voice mail system, as follows:

> … a vote by mail application. All you need to do is fill it out and drop it in the mail. Then, you will be sent a ballot to vote from home. Voting from home is easy and convenient, and you can avoid the lines on election day. President Obama needs you to join your neighbors and vote. For more information, please visit vote.barackobama.com, or call 855-vote-214, that's 855-868-3214. This call is paid for by Obama for America, 813-445-5126.

19. In late October and early November, 2012, Obama for America made more unsolicited auto-dialed calls to Ms. Shamblin's cellular telephone number, resulting in yet another pre-recorded message being left on her voice mail system:

> Hi. I'm calling for Obama for America to say that the President, Barack Obama, needs you to join your neighbors and make your voice heard by early voting. Florida is a key state in this close election and your vote matters. But don't wait until election day to vote. Early vote sites are open today and Saturday. Early voting for President Obama is a great way to move America forward. When you go early vote, remember to bring your current valid photo ID with a signature. For early vote sites, or more information, call 1-855-vote-214, or go to vote.barackobama.com. Paid for by Obama for America, 813-445-5126.

20. Plaintiff Shamblin received one or more additional calls from this same phone number, but a voice message was not captured.

21. Ms. Shamblin had not given Obama for America her express consent to call her cell phone with automatically-dialed or pre-recorded messages. She had never given Obama for America her telephone number and, prior to receiving Obama for America's messages, had never even heard of Obama for America.

22. Defendant's calls to Plaintiff Shamblin and other members of the proposed class violated the TCPA because the calls were made to telephone numbers assigned to a cellular telephone service and were made using an automatic-telephone-dialing system and/or an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A).

23. As a result of Defendant's violations of the TCPA, Plaintiff Shamblin and the other members of the proposed class are entitled to statutory damages of $500.00 for each violation, and an injunction prohibiting Obama for America from engaging in similar conduct in the future.

24. In addition, because Defendant willfully or knowingly violated the TCPA and did so even after the FCC issued Enforcement Advisory No. 2012-06, the Court may in its discretion increase the amount of the statutory damages to an amount up to $1,500 per violation.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shamblin requests that the Court:

a. Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as the class representative and her counsel as class counsel;

b. Enjoin Defendant from violating the TCPA in the future by placing auto-dialed or pre-recorded calls to cellular telephone numbers;

c. Award statutory damages to Plaintiff and the class pursuant to 47 U.S.C. § 227(b)(3).

d. Award a reasonable amount of attorney fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred on behalf of the class; and

e. Issue such other relief as the Court deems equitable and just.

## VII.  DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  September 19, 2013

Respectfully Submitted,

LORI SHAMBLIN, individually and on behalf of all others similarly situated

By:  /s/ Richard M. Paul III
Pro Hac Vice – Trial Counsel
Jack D. McInnes
Pro Hac Vice
**PAUL McINNES LLP**
2000 Baltimore, Suite 100
Kansas City, MO 64108
Tele: 816-984-8100
Fax:  816-984-8101
paul@paulmcinnes.com
mcinnes@paulmcinnes.com

By: /s/ Joseph J. Mellon
Joseph J. Mellon
Pro Hac Vice
Mary F. Mellon
Pro Hac Vice
**THE MELLON LAW FIRM**
1401 Wewatta St., #806
Denver, CO 80202
Telephone:  (303) 915-0198
jmellon@mellonlaw.com

By: /s/ Jeffrey M. Paskert
Jeffrey M. Paskert
**MILLS PASKERT DIVERS, P.A.**
100 North Tampa Street, Suite 3700
Tampa, FL 33602
Tel: (813) 229-3500
Fax: (813) 229-3502
**jpaskert@mpdlegal.com**

By:  /s/ Andrew L. Quiat
Andrew L. Quiat
Pro Hac Vice
**THE LAW OFFICES OF ANDREW L. QUIAT, P.C.**
7955 E. Arapahoe Court #1250
Centennial, Federal 80112
Tele:  (303) 471-8558
aquiat@faxlawcenter.com

**Attorneys for Plaintiff and the Class**