UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI SHAMBLIN, individually
and on behalf of all others
similarly situated,

       Plaintiff,

                          Case No. 8:13-cv-2428-T-33TBM
v.

OBAMA FOR AMERICA,

       Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Obama for America's Motion to Strike Class Allegations and Motion to Dismiss Plaintiff's Complaint (Doc. # 31), which was filed on December 2, 2013. Plaintiff Lori Shamblin filed a Response in Opposition to the Motion on December 19, 2013. (Doc. # 36). For the reasons that follow, the Motion is denied.

**I.   Background**

In her September 19, 2013, putative class action Complaint, Shamblin alleges that Obama for America violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, "by targeting voter cell phones with auto-dialed calls and pre-

-1-

recorded messages." (Doc. # 1 at ¶ 17).  Specifically, Shamblin contends, "in or about September 2012 and continuing up to the November 2012 election, Obama for America made unsolicited auto-dialed telephone calls to plaintiff Shamblin's cellular telephone number.  When Shamblin did not answer the call, Obama for America's pre-recorded message was left on her cellular telephone's voice mail system." (Id. at ¶ 18).

Shamblin further indicates that she "had not given Obama for America her express consent to call her cell phone with automatically-dialed or pre-recorded messages.  She had never given Obama for America her telephone number and, prior to receiving Obama for America's messages, had never even heard of Obama for America." (Id. at ¶ 21).

Obama for America responded to the Complaint on December 2, 2013, by filing a Motion to Strike Class Allegations pursuant to Rule 12(f), Fed. R. Civ. P., and Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. # 31).  Shamblin has responded to the Motion to Strike and Motion to Dismiss. (Doc. # 36).

## II.  Legal Standard

### A.  Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  However,  the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).  A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

### B.    Rule 12(f) Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Motions to strike are considered "drastic" and are disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher

v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

III. **Analysis**

Obama for America seeks dismissal of the Complaint under Rule 12(b)(6), however, it does not discuss the elements for pleading a Telephone Consumer Protection Act claim or attempt to show any pleading deficiency with respect to Shamblin's claim.

The Telephone Consumer Protection Act states:

(b)  Restrictions on use of automated telephone equipment.
    (1)  Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
        (A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
            * * *
    (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A).

From the Court's review of the Complaint, it appears that Shamblin has alleged a violation of the statute because she claims that Obama for America placed automatically

dialed calls to her cell phone using a pre-recorded voice. In addition, she indicates that she did not give consent for the calls to be placed.

Obama for America suggests that First Amendment concerns are implicated by the Complaint because "aggregating statutory damages may . . . chill political speech." (Doc. # 31 at 11).  However, Obama for America does not provide any specific arguments supporting dismissal of the present action on First Amendment grounds, or any other grounds for that matter.  Instead, the arguments presented in the Motion to Dismiss and Motion to Strike are aimed at defeating Shamblin's hopes of garnering class certification. However, upon review of the file, the Court determines that this case is not in the proper procedural posture to address whether class treatment is warranted.

The Court concurs with Shamblin that the issue of "[w]hether Plaintiff's claim deserves class treatment is a fact-dependent inquiry unsuitable for a motion to dismiss or strike." (Doc. # 36 at 2-3).  See Chaney v. Crystal Beach Capital, LLC, No. 8:10-cv-1056-T-30TGW, 2011 WL 17639, at *2 (M.D. Fla. Jan. 4, 2011)("The question of class certification is generally not addressed on a motion to

dismiss."); <u>Romano v. Motorola, Inc.</u>, No. 07-cv-60517, 2007 WL 4199781, at *3 (S.D. Fla. Nov. 26, 2007)("To dismiss Plaintiff's class allegation before discovery would be an acknowledgment by this court that class certification is impossible, an assertion that this Court is not inclined to make."); <u>Oginski v. Paragon Properties of Costa Rica, LLC</u>, No. 10-cv-21720, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011)("The Court finds that Defendants' arguments for dismissal based on insufficient class action allegations should be rejected. . . . Defendants' arguments related to Plaintiff['s] class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss."); <u>Smith v. Rainey</u>, No. 8:09-cv-1628-T-27MAP, 2011 WL 4352179, at *3 (M.D. Fla. Sept. 16, 2011)("With respect to the sufficiency of Plaintiffs' class action allegations, the Court agrees with Plaintiffs that compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.").

This action is in its infancy. The discovery deadline does not expire until October 20, 2014, and the deadline for Shamblin to seek class certification is June 19, 2014. The Court determines that it is appropriate to deny the Motion

to Dismiss and Motion to Strike as the arguments asserted therein are better presented at the Rule 23 stage.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Obama for America's Motion to Strike Class Allegations and Motion to Dismiss Plaintiff's Complaint (Doc. # 31) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record