UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI SHAMBLIN,

        Plaintiff,

v.                        Case No. 8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, et al.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Obama For America's Motion for Reconsideration of Order Granting Lori Shamblin's Motion for Leave to Amend the Complaint (Doc. # 92), which was filed on June 9, 2014, and Shamblin's Response in Opposition (Doc. # 102), which was filed on June 26, 2014. For the reasons that follow, the Court denies the Motion.

**I.**    **Legal Standard**

The timing of a motion for reconsideration controls whether the motion will be decided under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Here, Obama for America's Motion for Reconsideration was filed ten days after the Order in question, and therefore will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mutual Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *9-10, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11. (citation omitted).

**II. Analysis**

On April 22, 2014, Shamblin filed a timely Motion for Leave to Amend the Complaint to add the Democratic National Committee as a Defendant. (Doc. # 74). On May 30, 2014, after holding a hearing, the Court entered an Order granting Shamblin's Motion for Leave to Amend the Complaint. (Doc. # 86). Shamblin filed her Amended Complaint (Doc. # 87) on June 3, 2014. In granting Shamblin leave to amend, the Court noted that leave to amend is freely given, and "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 183 (1962).

Obama for America claims that the Court has made a "clear error" by relying on inaccurate facts in granting leave to amend. Specifically, Obama for America claims that there is no evidence that the Democratic National Committee made any of the alleged illegal calls to Shamblin or any voter in Pasco County, Florida. (Doc. # 92 at 3-7). Obama for America further claims that Organizing for Action-Florida was not a project of the Democratic National Committee, and therefore "such allegations cannot be considered by the Court in determining the propriety of adding the DNC as a party defendant." (Doc. # 92 at 7).

3

However, as the Supreme Court held in <u>Foman</u>, "if the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits." <u>Foman</u>, 371 U.S. at 182. Shamblin's original complaint alleged that Obama for America-Florida was a project of the Democratic National Committee and that Obama for America-Florida made the alleged illegal calls to Shamblin's cell phone. (Doc. # 74-1 at ¶¶ 19-22). The Court is required to accept these allegations as true, with Rule 11, Fed. R. Civ. P., holding the parties accountable. Rule 11(b) states:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Court has already considered and

4

rejected Obama for America's Rule 11 argument, as the Court cannot say that Shamblin's claims against the Democratic National Committee are "frivolous." (Doc. # 86); See <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1105 (11th Cir. 2001)(When considering a Rule 11 motion, the court considers "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.")

As Shamblin correctly argues, the existence of a potential factual dispute about interpreting the evidence which may be adduced during discovery does not warrant reconsideration of an Order granting leave to amend. (Doc. # 102 at 2). This Court has reached the conclusion that Shamblin has provided adequate support for her position, at this preliminary juncture, to warrant the addition of the Democratic National Committee as a party defendant. The Motion for Reconsideration is accordingly denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion for Reconsideration of Order Granting Motion for Leave to Amend (Doc. # 92) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of July, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies To: All Counsel of Record