UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LORI SHAMBLIN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 8:13-cv-2428-VCM-TBM ) |
| OBAMA FOR AMERICA, DNC SERVICES CORPORATION, and NEW PARTNERS CONSULTING, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**SECOND AMENDED CLASS ACTION COMPLAINT**
**(Injunctive Relief Sought and Demand for Jury Trial)**

### I. NATURE OF ACTION

1. Two months before the 2012 presidential election, the Federal Communications Commission ("FCC") issued an Enforcement Advisory reminding political organizations that auto-dialed or pre-recorded calls ("robocalls") are unlawful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 when directed to a cell phone.

2. Despite this prohibition of robocalls to cell phones, and the FCC's reminder that such calls are illegal, President Obama's principal campaign committee, defendant Obama for America ("OFA"), with the assistance and participation of defendant DNC Services Corporation, a/k/a the Democratic National Committee ("DNC"), and New Partners Consulting, Inc. ("New Partners" and collectively with

OFA and DNC, "Defendants"), called voter cell phones with both auto-dialed and pre-recorded calls urging the recipients to vote for Barack Obama in the 2012 presidential election.

3. Plaintiff Lori Shamblin received multiple illegal calls as part of Defendants' pre-election calling campaign and brings this class action for injunctive relief and statutory damages under the TCPA as a remedy for Defendants' unlawful conduct.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the TCPA.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the automated calls giving rise to Plaintiff's claims occurred within this District.

## III.  PARTIES

6. Plaintiff Lori Shamblin is a citizen of the State of Florida and a resident of Bradenton, Florida.

7. Defendant Obama for America is registered as a non-profit corporation under the laws of the State of Illinois and was the re-election committee for President Barack Obama's re-election campaign in 2012.

8. Defendant DNC Services Corporation is registered as a non-profit corporation and headquartered in Washington, D.C. Following the 2008 presidential election of Barack Obama the DNC established a project called Organizing for America intended to operate as a grassroots program within the

2

DNC.

9. The DNC's central focus in 2011 and 2012 was on Barack Obama's presidential campaign and political activity in support thereof; including organizing and paying for robocall campaigns; mobilizing its grassroots political project Organizing for America in battleground states such as Florida to operate phone banks; purchasing and maintaining, or causing to be maintained, a national voter file to be used by Democratic campaign organizations such as OFA; making calls from its 2,000 line auto-dialer; and providing technical direction and support from the DNC Voter Contact Specialist and the DNC Director of Technology Department to assist in the Obama re-election campaign regarding review, transmission, categorization, provision of, and use of phone numbers provided for robocall campaigns.

10. Defendant New Partners Consulting, Inc. is registered as a for-profit corporation in, and headquartered in, Washington, D.C.

11. During the 2012 presidential campaign, Defendant New Partners initiated millions of telephone calls for the Obama re-election campaign and the Democratic National Committee, completing many of those in battleground states including Florida. The vast majority of the calls were robocalls performed on behalf of and/or paid for by OFA and the DNC.

### IV. CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on

behalf of a class defined as, subject to revision by the Court as appropriate:

> All persons who received one or more non-emergency telephone calls from Defendants in 2012 to a cellular telephone through the use of an automatic-telephone-dialing system or an artificial or pre-recorded voice, and for whom Defendants' records do not show prior express consent for those calls.

Excluded from the class is any officer, director, employee, or agent of Defendants, or the Judge, including staff and immediate family of any Judge to whom this action is assigned.

13. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party pursuant to Rule 23.

14. <u>Numerosity</u>: Defendants' pre-election calling campaign was so far-reaching that they made more robocalls in the State of Florida alone than there are registered voters, many of which found their way to cell phones. It would therefore be impractical to join all class members, who are likely to number in the tens of thousands, into a single action through conventional joinder.

15. <u>Commonality</u>: Plaintiff's and class members' TCPA claims raise questions of fact and law that can be answered in a single class-wide proceeding. For example, to resolve any class member's TCPA claims, it will be necessary to answer the following questions, each of which can be answered through common, generalized evidence (such as Defendants' call logs and records):

  a. Did Defendants conduct a pre-election calling campaign?

  b. Were the cellular telephone numbers of Plaintiff and class members

    among those called during Defendants' pre-election calling campaign?

  c. Should Defendants be enjoined from making further auto-dialed and/or pre-recorded telephone calls to cell phones in the future?

  d. Do Defendants have any record that Plaintiff or other class members provided them with prior express consent to receive auto-dialed or pre-recorded calls on their cellular phones?

  e. Was Defendants' conduct knowing or willful to justify increasing the statutory damages Defendants are required to pay for each violation?

16. <u>Typicality</u>: Plaintiff's claim is typical of class member's claims, as each arises from the same conduct and automated-calling practices of Defendants.

17. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class. Her interests do not conflict with the class's interests and she has retained counsel experienced in class action and TCPA litigation to prosecute this action on behalf of the class.

18. In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual members and a class action is superior to individual litigation. The amount of statutory damages available to individual plaintiffs is insufficient to make litigation addressing Defendants' conduct economically feasible in the absence of the class action procedure.

19. Class certification is also appropriate under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief appropriate for the class as a whole.

## V. Claim for Relief

**Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227**

20. The TCPA made it illegal to call any telephone number assigned to a cellular telephone service using an automatic-telephone-dialing system or an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A). The statute imposes strict liability for violations, making exceptions only for calls made for emergency purposes or made with the prior express consent of the called party.

21. In the days prior to the 2012 presidential election, Defendants initiated a calling campaign on behalf of President Obama's re-election campaign that violated 47 U.S.C. § 227(b)(1)(A) by calling voters' cell phones with auto-dialed calls and pre-recorded messages.

22. Beginning in September 2012, and continuing up to the November 2012, election, Defendants initiated unsolicited auto-dialed telephone calls to plaintiff Shamblin's cellular telephone number. When plaintiff Shamblin did not answer the call, Defendants' pre-recorded message was left on her cellular telephone's voice mail system, as follows:

> … a vote by mail application. All you need to do is fill it out and drop it in the mail. Then, you will be sent a ballot to vote from home. Voting from home is easy and convenient, and you can avoid the lines on election day. President Obama needs you to join your

6

neighbors and vote. For more information, please visit vote.barackobama.com, or call 855-vote-214, that's 855-868-3214. This call is paid for by Obama for America, 813-445-5126.

23. In late October and early November, 2012, Defendants initiated more unsolicited auto-dialed calls to Ms. Shamblin's cellular telephone number, resulting in yet another pre-recorded message being left on her voice mail system:

Hi. I'm calling for Obama for America to say that the President, Barack Obama, needs you to join your neighbors and make your voice heard by early voting. Florida is a key state in this close election and your vote matters. But don't wait until election day to vote. Early vote sites are open today and Saturday. Early voting for President Obama is a great way to move America forward. When you go early vote, remember to bring your current valid photo ID with a signature. For early vote sites, or more information, call 1-855-vote-214, or go to vote.barackobama.com. Paid for by Obama for America, 813-445-5126.

24. Plaintiff Shamblin received one or more additional calls from this same phone number 813-445-5126, but a voice message was not captured. Plaintiff is informed and believes that this phone number was assigned to Organizing for America Florida, which was a project of the DNC that made and/or paid for calls using outside vendors such as New Partners, at the time the described calls were received by Plaintiff Shamblin.

25. Ms. Shamblin had not given Defendants her express consent to call her cell phone with automatically-dialed or pre-recorded messages. She had never given Defendants her telephone number and, prior to receiving Defendants' messages, had never even heard of Obama for America.

26. Early in October, 2012, the DNC, through Organizing for America Florida,

made hundreds of robocalls in Pasco County, Florida urging the recipient of the call to vote; at least one of these calls was to a cell phone that displayed the originating phone number as (813) 310-0428, a call to which was answered "you've reached the west central office of Organizing for America."

27. Defendants' calls to Plaintiff Shamblin and other members of the proposed class violated the TCPA because the calls were made to telephone numbers assigned to a cellular telephone service and were made using an automatic-telephone-dialing system and/or an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A).

28. As a result of Defendants' violations of the TCPA, Plaintiff Shamblin and the other members of the proposed class are entitled to statutory damages of $500.00 for each violation, and an injunction prohibiting Defendants from engaging in similar conduct in the future.

29. In addition, because Defendants willfully or knowingly violated the TCPA even after the FCC issued Enforcement Advisory No. 2012-06, the Court should increase the amount of statutory damages to $1,500 per violation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shamblin requests that the Court:

a. Certify this action as a class action under Federal Rule of Civil Procedure 23, appointing Plaintiff as the class representative and her counsel as class counsel;

b. Enjoin Defendants from violating the TCPA in the future by placing auto-dialed or pre-recorded calls to cellular telephone numbers;

c. Award statutory damages to Plaintiff and the class pursuant to 47 U.S.C. § 227(b)(3).

d. Award reasonable attorney fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred on behalf of the class; and

e. Issue such other relief as the Court deems equitable and just.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  August 14, 2014

Respectfully Submitted,

LORI SHAMBLIN, individually and on behalf of all others similarly situated

By:  /s/ Richard M. Paul III
Pro Hac Vice – Trial Counsel
Jack D. McInnes
Pro Hac Vice
**PAUL McINNES LLP**
2000 Baltimore, Suite 100
Kansas City, MO 64108
Tele: 816-984-8100
Fax:  816-984-8101
paul@paulmcinnes.com
mcinnes@paulmcinnes.com

By:  /s/ Jeffrey M. Paskert
Jeffrey M. Paskert
**MILLS PASKERT DIVERS, PA**
100 N. Tampa St., Suite 3700
Tampa, FL  33602
Tel: (813) 229-3500
Fax: (813) 229-3502
jpaskert@mpdlegal.com

By:  /s/ Joseph J. Mellon
Joseph J. Mellon
Pro Hac Vice
Mary F. Mellon
Pro Hac Vice
**THE MELLON LAW FIRM**
1401 Wewatta St., #806
Denver, CO 80202
Tele: (303) 915-0198
jmellon@mellonlaw.com

By:  /s/ Andrew L. Quiat
Andrew L. Quiat
Pro Hac Vice
**THE LAW OFFICES OF ANDREW L. QUIAT, P.C.**
7955 E. Arapahoe Court #1250
Centennial, Federal 80112
Tele: (303) 471-8558
aquiat@faxlawcenter.com

**Attorneys for Plaintiff and the Class**

### Certificate of Service

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically through the Court's CM/ECF noticing system on all parties registered for electronic service this 14th day of August, 2014.

LORI SHAMBLIN, individually and on behalf of all others similarly situated

/s/ Richard M. Paul III