UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI SHAMBLIN, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                  Case No. 8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, DNC
SERVICES CORPORATION, and
NEW PARTNERS CONSULTING, INC.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant New Partners Consulting, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 122), which was filed on September 25, 2014. Plaintiff Lori Shamblin filed a Response in Opposition to the Motion on October 14, 2014. (Doc. # 131). With leave of Court, Defendant New Partners Consulting, Inc. filed its Reply on October 23, 2014. (Doc. # 137). The Court also granted Defendant Obama for America and DNC Services Corporation's Motion to file a "reply" to articulate its position on Defendant New Partner Consulting, Inc.'s Motion to Dismiss. (Doc. # 136). On October 30, 2014, also with leave of Court, Shamblin filed her Sur-

Reply. (Doc. # 138). For the reasons that follow, Defendant New Partners Consulting, Inc.'s Motion is denied.

I. **Background**

Shamblin initiated this action by filing a putative class action against Defendant Obama for America on September 19, 2013, for alleged violations of the Telephone Consumer Protection Act ("TCPA") 46 U.S.C. § 227. (Doc. # 1 at ¶ 16). The TCPA makes it illegal to call any telephone number assigned to a cellular telephone service using an automatic-telephone-dialing system or an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A). Shamblin alleged that she received two unsolicited auto-dialed telephone calls from Obama for America to her cellular telephone that left pre-recorded messages on her voice mail system. (Doc. # 1 at ¶ 18).

On September 20, 2013, Shamblin filed a Motion to Certify Class Action. (Doc. # 5). This Court denied without prejudice Shamblin's Motion to Certify Class on October 9, 2013, as the Motion was a placeholder devoid of the substantive factual and legal allegations necessary for this Court to engage in a Fed. R. Civ. P. 23 analysis. (Doc. # 13). Thereafter, on December 2, 2013, Defendant Obama for America filed its Motion

Case 8:13-cv-02428-VMC-TBM Document 139 Filed 11/05/14 Page 3 of 15 PageID 1585

to Dismiss and Motion to Strike Class Allegations. (Doc. # 31). Shamblin then sought and ultimately received an extension to move for class certification. (Doc. ## 34, 35).

Nearly two months later, on February 6, 2014, Shamblin sought a further extension of the deadlines to add parties, amend pleadings, and move for class certification. (Doc. # 47). This Court granted that request and extended the applicable Case Management deadlines by 120 days as requested by Shamblin. (Doc. # 48). On February 18, 2014, Defendant Obama for America's Motion to Dismiss was denied. (Doc. # 51).

On April 14, 2014, Shamblin moved under Federal Rule of Civil Procedure 15(a)(2) for leave to amend her Complaint to add a new party defendant, DNC Services Corporation, also known as the Democratic National Committee, whose involvement was uncovered through the discovery process. (Doc. # 75 at 1). Shamblin's motion for leave to amend was filed two months before the Case Management and Scheduling Order's June 17, 2014, deadline for amendments to the pleadings. (Doc. # 19). On May 30, 2014, this Court granted Shamblin leave, and Shamblin filed her Amended Complaint on June 3, 2014. (Doc. ## 86, 87). Thereafter, on August 14, 2014, Shamblin filed

her Second Amended Complaint adding New Partners Consulting, Inc. as a Defendant. (Doc. # 109).

In her August 14, 2014, Second Amended Complaint, Shamblin contends that "despite the prohibition of robocalls to cell phones, and the FCC's reminder that such calls are illegal, President Obama's principal campaign committee, [D]efendant Obama for America, with the assistance and participation of [D]efendant DNC Services Corporation . . . and New Partners Consulting, Inc., called voter cell phones with both auto-dialed and pre-recorded calls urging the recipients to vote for Barack Obama in the 2012 presidential election." (Id. at ¶ 2). Shamblin alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, "by calling voters' cell phones with auto-dialed calls and pre-recorded messages." (Id. at ¶ 21). Specifically, Shamblin contends, "beginning in September 2012 and continuing up to the November 2012 election, Defendants initiated unsolicited auto-dialed telephone calls to plaintiff Shamblin's cellular telephone number. When [P]laintiff Shamblin did not answer the call, Defendants' pre-recorded message was left on her cellular telephone's voice mail system." (Id. at ¶ 22).

4

Shamblin "is informed and believes that the phone number was assigned to Organizing for America Florida, which was a project of the DNC that made and/or paid for calls using outside vendors such as New Partners Consulting, Inc." (Id. at ¶ 24). Shamblin further indicates that she "had not given Defendants her express consent to call her cell phone with automatically-dialed or pre-recorded messages. She had never given Defendants her telephone number and, prior to receiving Defendants' messages, had never even heard of Obama for America." (Id. at ¶ 25).

New Partners Consulting, Inc. responded to the Second Amended Complaint on September 10, 2014, by filing an Answer and Affirmative Defenses. (Doc. # 118). New Partners Consulting, Inc. then filed the present Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on September 25, 2014. (Doc. # 122), which is now ripe for this Court's review.

**II.   Legal Standard**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and

5

should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

### III. **Mootness Doctrine**

Article III of the United States Constitution limits the judicial authority of the federal court system to cases or

controversies. Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011). "In turn, the case or controversy constraint imposes on federal courts a dual limitation known as justiciability. The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001).

The doctrine of mootness springs directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy. Id. Mootness can occur due to a change in circumstances or a change in the law. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in the outcome, or a decision could no longer provide meaningful relief to the parties. Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1282 (11th Cir. 2004).

As noted by the Supreme Court, "Mootness has been described as the doctrine of standing set in a time frame:

7

The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." <u>Arizonans for Official English v. Ariz.</u>, 520 U.S. 43, 68 (1997). Additionally, "the plaintiff generally must assert his own legal rights or interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Sims v. State of Fla. Dep't of Highway Safety & Motor Vehicles</u>, 862 F.2d 1449, 1468 (11th Cir. 1989).

**IV. <u>Analysis</u>**

New Partners Consulting, Inc. seeks dismissal of the Second Amended Complaint under Rule 12(b)(1) alleging that its Rule 68 Offer of Judgment to Shamblin was an offer of complete relief and thus no case or controversy remains between the parties. (Doc. # 122 at 3). After review of the record and authorities cited by all parties, the Court determines that Shamblin maintains a personal stake in this action as the Rule 68 Offer of Judgment did not offer her full relief.

Federal Rule of Civil Procedure 68 provides that at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified

8

terms. Fed. R. Civ. P. 68(a). If the plaintiff accepts the offer within fourteen days, then judgment is entered. Id. If the plaintiff does not accept the offer, the offer is deemed withdrawn. Fed. R. Civ. P. 68(b).

Regardless of whether the plaintiff accepts the offer, "an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's claim." Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008). Therefore, "Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction." Pollack v. Bay Area Credit Serv., LLC, No. 08-61101-Civ, 2009 WL 2475167, at *5 (S.D. Fla. Aug. 13, 2009). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991).

New Partners Consulting, Inc. strongly relies on Delgado v. Collecto, Inc., No. 8:13-CV-2511-T-33TBM, 2013 WL 6332748 (M.D. Fla. 2013), an opinion authored by this Court. However, this is not Delgado. In Delgado, this Court found that "the Rule 68 offer of judgment tendered by defendant offered

9

[plaintiff] full relief." Id. The Delgado plaintiff had requested that the Court enter judgment in its favor for:

i. Certification of this matter to proceed as a class action;
ii. **The maximum amount of statutory damages pursuant to Section 559.77, Florida Statutes for each class member;**
iii. **Attorneys' fees, litigation expenses and costs pursuant to Section 559.77(2), Florida Statutes;** and
iv. For such other and further relief as the Court deems just and proper.

Id. Defendant offered to the plaintiff:

**(1) Judgment shall be entered against Defendant in the amount of Two Thousand One Dollars and 00/100 cents ($2,001.00), arising from Plaintiff's FDCPA and FCCPA claims against the Defendant as alleged in Plaintiff's pleadings filed in the above captioned matter.**
**(2) The judgment entered shall include an additional amount for reasonable attorney's fees and taxable costs incurred by Plaintiff, in an amount to be determined by the Court if the parties are unable to come to an agreement.**
(3) Should Plaintiff accept this Offer, Plaintiff agrees that acceptance of this Offer resolves Plaintiff's FDCPA and FCCPA claims against Defendant.

Asserting that the action was not moot, the plaintiff in Delgado argued that she represented a putative class of individuals who had been harmed by defendant's alleged violations of the FDCPA and FCCPA. Id. Nevertheless, the Court found that the plaintiff's "putative class action case was rendered moot when she was offered a full and complete

10

judgment under Rule 68." Id. In reviewing the prayer for relief and offer of judgment in Delgado, the Court notes that the offer language was a mirror image of the relief requested. Even plaintiff's counsel conceded that the plaintiff was offered full relief by the defendant. Id.

Here, unlike Delgado, New Partners Consulting, Inc.'s Offer of Judgment did not comport with the standard set forth in Rule 68 allowing Shamblin to recover the "maximum relief available under the law." Id. There are multiple defendants in this action, whereas in Delgado, there was only one. Shamblin's maximum recovery includes relief from all Defendants and not solely from New Partners Consulting, Inc. Therefore, the Offer of Judgment, which was not a mirror image of the prayer for relief, did not moot Shamblin's claim and deprive this Court of jurisdiction.

> In the Complaint Shamblin seeks the following relief:
>
> a. Certify this action as a class action under Federal Rule of Civil Procedure 23, appointing Plaintiff as the class representative and her counsel as class counsel;
>
> b. Enjoin Defendants from violating the TCPA in the future by placing auto-dialed or pre-recorded calls to cellular telephone numbers;
>
> c. Award statutory damages to Plaintiff and the class pursuant to 47 U.S.C. § 227(b)(3).

> d. Award reasonable attorney fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred on behalf of the class; and
>
> e. Issue such other relief as the Court deems equitable and just.

(Doc. # 131 at 5).

New Partners Consulting, Inc.'s Offer of Judgment, offered Shamblin the following:

> (1) Judgment shall be entered against Defendant and in favor of SHAMBLIN in the amount of $7,500.00, arising from Plaintiff's TCPA claims against the Defendant as alleged in Plaintiff's Second Amended Class Action Complaint, (2) Judgment shall include an additional amount for taxable costs incurred by Plaintiff in prosecuting the case, in an amount to be determined by the Court if the parties are unable to come to an agreement, (3) Judgment shall enjoin Defendant from violating the TCPA in the future by placing auto-dialed or prerecorded calls to SHAMBLIN's cellular telephone number(s), and (4) Should Plaintiff accept this Offer, Plaintiff agrees that acceptance of this Offer resolves Plaintiff's TCPA claims against Defendant.

(Doc. # 122-1).

An Offer of Judgment cannot be evaluated solely by its dollar amount. Lynch v. First Nat. Collection Bureau, Inc., No. 11-60798-CIV, 2011 WL 2457903 (S.D. Fla. 2011). In the instant action, Shamblin seeks to enjoin all Defendants[1] from

---

[1] The Court notes that Defendant New Partners Consulting, Inc. argues in its Reply that "New Partners is not required to moot Plaintiff's claims against the co-Defendants to divest the Court of jurisdiction over the Plaintiff's claims against

committing future violations of the TCPA. (Doc. # 131 at 5).

The TCPA provides in relevant part that,

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to **enjoin** such violation,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)(emphasis added).

Accordingly, as the TCPA provides that an injunction is an appropriate remedy sought under the statute, and because Shamblin did in fact seek to enjoin all the Defendants in this action, an Offer of Judgment without full injunctive relief diminishes the value of the judgment Shamblin seeks. Thus, the Offer of Judgment, which included injunctive relief

---

New Partners." (Doc. # 137 at 2). However, this contention is misplaced in light of the requirement that Plaintiff receive the complete relief.

13

only against New Partners Consulting, Inc., even if for the full monetary amount, does not encompass the entire value of relief Shamblin seeks because it does not include an injunction against the other Defendants in this action. Lynch, 2011 WL 2457903.

Although Defendants, Obama for America and DNC Services Corporation, are willing to be enjoined from "violating the TCPA in the future by placing auto-dialed or pre-recorded calls to cellular telephone numbers" at this juncture, that offer does not appear on the face of New Partners Consulting, Inc.'s Offer of Judgment. (Doc. # 136). This Court finds that New Partners Consulting, Inc.'s Offer of Judgment failed to provide "maximum allowable relief" to Shamblin and therefore did not moot Shamblin's claim and deprive this Court of subject matter jurisdiction.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 122) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of November, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record