```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LORI SHAMBLIN, individually and
on behalf of all others similarly
situated,

        Plaintiff,
v.                                   Case No.  8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, ET AL.,

        Defendants.
_____/

## **ORDER**

This matter is before the Court pursuant to Defendant Obama for America's Motion to Seal Exhibit H to Defendant DNC Services Corp.'s Motion for Summary Judgment filed November 10, 2014. (Doc. # 143). Upon due consideration, the Court denies the Motion to Seal.

## **Analysis**

In this district, the proponent of a motion to seal must include: (I) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that means other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal; (v) a statement of the duration of the seal; and (vi) a memorandum of law.  See Local Rule 1.09, M.D. Fla.

Obama for America seeks to seal an exhibit to Co-

Defendant DNC Services, Corp.'s Motion for Summary Judgment. (Doc. # 141-8). Obama for America asserts that the Court should seal Exhibit H because the document contains "confidential and proprietary information as defined in Fed. R. Civ. P. 26©." (Doc. # 143).

The Court acknowledges that Obama for America has enumerated the following: that it is Exhibit H to DNC Services Motion for Summary Judgment that is to be sealed, that the Exhibit is necessary to inform the Court of methods of access to voter information, and that sealing is necessary because the Exhibit includes proprietary information. (Id.). However, Obama for America has not shown the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal nor a statement of the proposed duration of the seal as required by Local Rule 1.09. (See Id.).

Furthermore, while this Court adopted Shamblin's proposed Protective Order allowing the parties to designate confidential and proprietary information as "protected information," the Court has explained in its Case Management and Scheduling Order governing the course of these proceedings that "[w]hether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree

2

that produced documents are confidential. (Doc. # 97 at 5). Obama for America's conclusory assertion that the documents are subject to a protective order is insufficient to justify shielding these proceedings from the public. (Doc. # 143). "Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09." (Doc. # 97 at 5).

In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings. As explained by the Eleventh Circuit in Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of

3

justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents.  This right of access is not absolute, however [and] may be overcome by a showing of good cause." Id.

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal [context]." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it "is necessitated by a compelling governmental interest, and is narrowly tailored to [serve] that interest." Id.

In addition to failing to meet the requirements of the Local Rules, Obama for America has not shown good cause. The statement that "this proprietary and confidential information, if publicly disclosed, would provide competitors of the Defendant and Defendant's vendors an unfair advantage" without more is not enough to override the common law and First

4

Amendment rights of the public to review court documents. (Doc. # 143 at 2). The Motion is accordingly denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Obama for America's Motion to Seal Exhibit H to Motion for Summary Judgment (Doc. # 143) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5