```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

LORI SHAMBLIN, individually and
on behalf of all others similarly
situated,

    Plaintiff,
v.                            Case No.  8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, ET AL.,

    Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Plaintiff Lori Shamblin's Motion to Seal Exhibits in Support of Motion for Certification filed November 17, 2014. (Doc. # 147). Upon due consideration, the Motion is granted in part and denied in part.

## Analysis

In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing, (ii) the reason that filing each item is necessary, (iii) the reason for sealing each item, (iv) the reason that means other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal, (v) a statement of the duration of the seal, and (vi) a memorandum of law.  See Local Rule 1.09, M.D. Fla.

Shamblin seeks to seal various exhibits in support of her Motion for Class Certification. (Doc. # 147). Shamblin asserts that the Court should allow Shamblin leave to file under seal various exhibits because "all but two of the documents [Shamblin] seeks to file under seal in this motion are documents Defendants have marked as 'Protected Information.'" (Id.).

The Court acknowledges that Shamblin has enumerated the following with regard to each exhibit:

> (a) Exhibit 1-L to Paul Declaration: This Exhibit contains invoices from New Partners. Filing this Exhibit is necessary to Plaintiff's motion because it shows the number of robocalls New Partners made on OFA's behalf to Florida voters. OFA marked this document as "Protected Information" pursuant to the Protective Order. New Partners does not want it public because it contains sensitive pricing information. Plaintiff suggested redacting pricing information but has not heard back from New Partners. Defendants request that this Exhibit be sealed indefinitely.
>
> (b) Exhibit 1-O to Paul Declaration: This Exhibit contains Lori Shamblin's Voter File. Filing this Exhibit is necessary to Plaintiff's motion because it shows that OFA knew that Ms. Shamblin's number was a cell phone number. OFA marked this document as "Protected Information" under the Protective Order, but Plaintiff does not agree that it should be filed under seal. The information contained in this document relates solely to Ms. Shamblin and she does not deem that information to be confidential. Defendants request that this Exhibit be sealed indefinitely.

2

(c) Exhibit 1-R to Paul Declaration: This Exhibit contains spreadsheets reflecting how the phone numbers in Defendants' call lists were obtained. Filing this Exhibit is necessary to Plaintiff's motion because Defendants' appear to contend that it constitutes evidence of consent to receive robocalls. The Exhibit must be sealed because OFA and the DNC marked both spreadsheets as "Protected Information" under the Protective Order. Because it contains phone numbers of class members, Plaintiff agrees the Exhibit should not be made public. The parties agree that this Exhibit should be sealed indefinitely.

(d) Exhibit 1-S to Paul Declaration: This Exhibit contains the work product of Plaintiff's expert witness reflecting names, addresses, and phone numbers of putative class members who received robocalls from OFA and New Partners. Filing this Exhibit is necessary to Plaintiff's motion because it shows that the class is ascertainable and that the numbers Defendants robocalled were made to area codes throughout the State of Florida to show the impracticability of joinder under Rule 23(a)(1). Plaintiff believes that this Exhibit should be sealed because it contains personally identifiable information of class members that should not be made public. Plaintiff believes this Exhibit should be sealed indefinitely.

(e) Exhibit 1-T to Paul Declaration: This Exhibit contains the work product of Plaintiff's expert witness reflecting names, addresses, and phone numbers of putative class members who received robocalls from the DNC. Filing this Exhibit is necessary to Plaintiff's motion because it shows that the class is ascertainable and that the numbers Defendants robocalled were made to area codes throughout the State of Florida to show the impracticability of joinder under Rule 23(a)(1). Plaintiff believes that this Exhibit should be sealed because it contains personally identifiable information of class members that should not be

>     made public. Plaintiff believes this Exhibit should
>     be sealed indefinitely.

(Id. at 2). While this Court adopted Shamblin's proposed Protective Order allowing the parties to designate confidential and proprietary information as "protected information," the Court has explained in its Case Management and Scheduling Order governing the course of these proceedings that "[w]hether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. (Doc. # 97 at 5).

In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings. As explained by the Eleventh Circuit in Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case." American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "[t]he operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted). The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal [context]." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it "is necessitated by a compelling governmental interest, and is narrowly tailored to [serve] that interest." Id.

The public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC, No. 3:10-CV-978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound

basis or legitimate need to take judicial action." <u>In re Alexander Grant & Co. Litig.</u>, 820 F.2d 352, 356 (11th Cir. 1987). For good cause, the court may:

> [I]ssue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . .
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1).

If the court finds that good cause exists, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. <u>Chi. Tribune Co.</u>, 263 F.3d at 1313. In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials

>or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of a third party challenging the protection of information, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

This Court finds that Shamblin has met the requirements of the Local Rules, and has shown good cause as to why certain documents should be filed under seal. Although this Court recognizes the rights of the public to review court documents, it also notes that the personal identifying information of third parties deserves protection. As Shamblin has set forth that detailed contact information of numerous individuals is contained within certain exhibits, and said individuals have not consented to disclosure of their personal information, an order to seal is required. However, this Court also finds, in examining the factors set forth above, that Exhibits 1-L and 1-O do not rise to the level of overcoming First Amendment rights and therefore shall be filed on the open record. The

7

Motion is accordingly denied as to Exhibits 1-L and 1-O and granted as to Exhibits 1-R, 1-S, and 1-T.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff Lori Shamblin's Motion to Seal Exhibits in Support of Motion for Certification (Doc. # 147) is **DENIED in part** and **GRANTED in part**.

(2) Exhibits 1-L and 1-0, as described herein, shall be filed on the open record.

(3) Exhibits 1-R, 1-S, and 1-T, as described herein, may be filed under seal and the duration of the seal is indefinite.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

8