UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI SHAMBLIN, individually
and on behalf of all others
similarly situated,

    Plaintiff,

v.

                          Case No. 8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, DNC
SERVICES CORPORATION, and
NEW PARTNERS CONSULTING, INC.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant New Partners Consulting, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 145), which was filed on November 17, 2014. For the reasons that follow, Defendant New Partners Consulting, Inc.'s Motion is denied.

**I.  Background**

Shamblin initiated this action by filing a putative class action against Defendant Obama for America on September 19, 2013, for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 46 U.S.C. § 227. (Doc. # 1 at ¶ 16). The TCPA makes it illegal to call any telephone number assigned to a cellular telephone service using an automatic-

telephone-dialing system or an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A). Shamblin alleged that she received two unsolicited auto-dialed telephone calls from Obama for America to her cellular telephone that left pre-recorded messages on her voice mail system. (Doc. # 1 at ¶ 18).

On September 20, 2013, Shamblin filed a Motion to Certify Class Action. (Doc. # 5). This Court denied without prejudice Shamblin's Motion to Certify Class on October 9, 2013, as the Motion was a placeholder devoid of the substantive factual and legal allegations necessary for this Court to engage in a Fed. R. Civ. P. 23 analysis. (Doc. # 13). Thereafter, on December 2, 2013, Defendant Obama for America filed its Motion to Dismiss and Motion to Strike Class Allegations. (Doc. # 31). Shamblin then sought and ultimately received an extension to move for class certification. (Doc. ## 34, 35).

Nearly two months later, on February 6, 2014, Shamblin sought a further extension of the deadlines to add parties, amend pleadings, and move for class certification. (Doc. # 47). This Court granted that request and extended the applicable Case Management deadlines by 120 days as requested by Shamblin. (Doc. # 48). On February 18, 2014, Defendant

Obama for America's Motion to Dismiss was denied. (Doc. # 51).

On April 14, 2014, Shamblin moved under Federal Rule of Civil Procedure 15(a)(2) for leave to amend her Complaint to add a new party defendant, DNC Services Corporation, also known as the Democratic National Committee, whose involvement was uncovered through the discovery process. (Doc. # 75 at 1). On May 30, 2014, this Court granted Shamblin leave, and Shamblin filed her Amended Complaint on June 3, 2014. (Doc. ## 86, 87). Thereafter, on August 14, 2014, Shamblin filed her Second Amended Complaint adding New Partners Consulting, Inc. as a Defendant. (Doc. # 109).

In her Second Amended Complaint, Shamblin contends that "despite the prohibition of robocalls to cell phones, and the FCC's reminder that such calls are illegal, President Obama's principal campaign committee, [D]efendant Obama for America, with the assistance and participation of [D]efendant DNC Services Corporation . . . and New Partners Consulting, Inc., called voter cell phones with both auto-dialed and pre-recorded calls urging the recipients to vote for Barack Obama in the 2012 presidential election." (Id. at ¶ 2). Shamblin alleges that Defendants violated the TCPA, "by calling voters' cell phones with auto-dialed calls and pre-recorded

messages." (Id. at ¶ 21). Specifically, Shamblin contends, "beginning in September 2012 and continuing up to the November 2012 election, Defendants initiated unsolicited auto-dialed telephone calls to [P]laintiff Shamblin's cellular telephone number. When [P]laintiff Shamblin did not answer the call, Defendants' pre-recorded message was left on her cellular telephone's voice mail system." (Id. at ¶ 22).

Shamblin "is informed and believes that the phone number was assigned to Organizing for America Florida, which was a project of the DNC that made and/or paid for calls using outside vendors such as New Partners Consulting, Inc." (Id. at ¶ 24). Shamblin further indicates that she "had not given Defendants her express consent to call her cell phone with automatically-dialed or pre-recorded messages. She had never given Defendants her telephone number and, prior to receiving Defendants' messages, had never even heard of Obama for America." (Id. at ¶ 25).

New Partners Consulting, Inc. responded to the Second Amended Complaint on September 10, 2014, by filing an Answer and Affirmative Defenses. (Doc. # 118). New Partners Consulting, Inc. then filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on September 25, 2014, alleging that it offered

4

Shamblin full relief. (Doc. # 122). On November 5, 2014, this Court entered an Order denying the Motion. (Doc. # 139). Specifically, the Court held that:

> [B]ecause Shamblin did in fact seek to enjoin all the Defendants in this action, an Offer of Judgment without full injunctive relief diminishes the value of the judgment Shamblin seeks. Thus, the Offer of Judgment, which included injunctive relief only against New Partners Consulting, Inc., even if for the full monetary relief, does not encompass the entire value of the relief Shamblin seeks because it does not include an injunction against the other Defendant in this action.

(Id.). Simultaneously, this Court denied without prejudice Shamblin's Amended Motion for Class Certification. (Doc. # 140).

According to New Partners Consulting, Inc., on November 13, 2014, it served a second Rule 68 Offer of Judgment on Shamblin. (Doc. # 145 at 3). "In the Offer, New Partners offered for judgment to be entered against it and in favor of Plaintiff in the amount of $7,500.00 arising from [Shamblin's] TCPA claims against New Partners as alleged in Plaintiff's Second Amended Class Action Complaint, as well as an additional amount for taxable costs incurred by [Shamblin]." (Id.). The Offer of Judgment from New Partners Consulting, Inc. further provided for entry of an injunction against New Partners but expressly stated that acceptance of

this Offer resolves Shamblin's claims against New Partners only. (Id. at 4). Thereafter, on November 17, 2014, New Partners Consulting, Inc. filed the present Motion to Dismiss for lack of subject matter jurisdiction, which is now ripe for this Court's review.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a

plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

**III. Mootness Doctrine**

Article III of the United States Constitution limits the judicial authority of the federal court system to cases or controversies. Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011). "In turn, the case or controversy constraint imposes on federal courts a dual limitation known as justiciability. The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001).

The doctrine of mootness springs directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy. Id. Mootness can occur due to a change in circumstances or a change in the law. Coral Springs St. Sys., Inc. v. City of

7

Sunrise*,* 371 F.3d 1320, 1328 (11th Cir. 2004). A case is also moot when the issue presented is no longer alive, the parties lack a legally cognizable interest in the outcome, or a decision could no longer provide meaningful relief to the parties. Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*,* 382 F.3d 1276, 1282 (11th Cir. 2004).

As noted by the Supreme Court, "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official English v. Ariz.*,* 520 U.S. 43, 68 (1997). Additionally, "the plaintiff generally must assert his own legal rights or interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Sims v. State of Fla. Dep't of Highway Safety & Motor Vehicles*,* 862 F.2d 1449, 1468 (11th Cir. 1989).

**IV. Analysis**

New Partners Consulting, Inc. seeks dismissal of the Second Amended Complaint under Rule 12(b)(1) alleging that its Second Rule 68 Offer of Judgment to Shamblin was an offer of complete relief and thus no case or controversy remains between the parties. (Doc. # 145). After a review of the

8

record and authorities cited by New Partners Consulting, Inc., the Court determines that Shamblin maintains a personal stake in this action as the Rule 68 Offer of Judgment did not offer her full relief.

Federal Rule of Civil Procedure 68 provides that at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified terms. Fed. R. Civ. P. 68(a). If the plaintiff accepts the offer within fourteen days, then judgment is entered. Id. If the plaintiff does not accept the offer, the offer is deemed withdrawn. Fed. R. Civ. P. 68(b).

Regardless of whether the plaintiff accepts the offer, "an offer of judgment providing the plaintiff with the maximum allowable relief [will] moot the plaintiff's claim." Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008). Therefore, "Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction." Pollack v. Bay Area Credit Serv., LLC, No. 08-61101-Civ, 2009 WL 2475167, at *5 (S.D. Fla. Aug. 13, 2009). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no

remaining stake." Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991).

New Partners Consulting, Inc. argues that "[i]t is well settled that when one claim within a multi-claim lawsuit is mooted, the Court no longer has subject matter jurisdiction over that specific claim." (Doc. # 145 at 7). New Partners Consulting, Inc. contends that "Plaintiff's Second Amended Class Action Complaint is comprised of multiple distinct claims against multiple Defendants," and therefore, "it is clear that subject matter jurisdiction and the doctrine of mootness are claim driven, as opposed to case driven." (Id.). While this Court recognizes the sound legal principles articulated by New Partners Consulting, Inc., it finds that New Partners Consulting, Inc.'s misapplication of those principles is fatal to its requested relief. In this case, Shamblin's Second Amended Class Action Complaint is not comprised of numerous distinct claims. (See Doc. # 109). In the Second Amended Complaint, Shamblin asserts that "[i]n the days prior to the 2012 presidential election, Defendants initiated a calling campaign on behalf of President Obama's re-election campaign that violated 47 U.S.C. § 227(b)(1)(A) by calling voters' cell phones with auto-dialed calls and pre-recorded messages." (Id. at 6). Shamblin does not

articulate separate and distinct claims against each Defendant, but rather asserts an all-inclusive singular cause of action against all three Defendants for violations of the TCPA. (Id.).

Shamblin is the "master" of her Complaint and she decides how, where, and against whom it is brought. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Although New Partners Consulting, Inc. argues that Shamblin could have filed a separate lawsuit against each Defendant, that is insignificant with respect to the present issues before this Court.

While New Partners Consulting, Inc. continues to strongly rely on Delgado v. Collecto, Inc., No. 8:13-CV-2511-T-33TBM, 2013 WL 6332748 (M.D. Fla. 2013), an opinion authored by this Court, as outlined in the prior Order denying New Partners Consulting, Inc.'s requested relief, this is not Delgado. (See Doc. # 139). Once again, unlike Delgado, New Partners Consulting, Inc.'s Second Offer of Judgment did not comport with the standard set forth in Rule 68 allowing Shamblin to recover the "maximum relief available under the law." Id. There are multiple Defendants in this action, whereas in Delgado, there was only one. To that end, Shamblin's maximum recovery includes relief from all

Defendants and not solely from New Partners Consulting, Inc. Therefore, the Second Offer of Judgment, which was not a mirror image of the prayer for relief, did not moot Shamblin's claim and deprive this Court of jurisdiction.

In the Second Amended Complaint Shamblin seeks the following relief:

   a. Certify this action as a class action under Federal Rule of Civil Procedure 23, appointing Plaintiff as the class representative and her counsel as class counsel;

   b. Enjoin Defendants from violating the TCPA in the future by placing auto-dialed or pre-recorded calls to cellular telephone numbers;

   c. Award statutory damages to Plaintiff and the class pursuant to 47 U.S.C. § 227(b)(3);

   d. Award reasonable attorney fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred on behalf of the class; and

   e. Issue such other relief as the Court deems equitable and just.

(Doc. # 109 at 9).

New Partners Consulting, Inc.'s Second Offer of Judgment, offered Shamblin the following:

   (1) Judgment shall be entered against Defendant and in favor of SHAMBLIN in the amount of $7,500.00, arising **solely** from Plaintiff's TCPA claims against **New Partners** as alleged in Plaintiff's Second Amended Class Action Complaint **filed in the above captioned matter**, (2) **The** judgment **entered** shall include an additional amount for taxable costs

>incurred by Plaintiff in prosecuting the case, in an amount to be determined by the Court if the parties are unable to come to an agreement, (3) **The** judgment shall **also** enjoin **New Partners** from violating the TCPA in the future by placing auto-dialed or prerecorded calls to SHAMBLIN's cellular telephone number(s), and (4) **Acceptance of this Offer resolves Plaintiff's TCPA claims against New Partners only, and does not affect Plaintiff's claims against any other persons or parties, including but not limited to, co-Defendants Obama for America and DNC Services Corporation**.

(Doc. # 145-1)(emphasis added).

An Offer of Judgment cannot be evaluated solely by its dollar amount. Lynch v. First Nat. Collection Bureau, Inc., No. 11-60798-CIV, 2011 WL 2457903 (S.D. Fla. 2011). In the instant action, Shamblin seeks to enjoin all Defendants from committing future violations of the TCPA. (Doc. # 109). New Partners Consulting, Inc. maintains that "New Partners is not required to moot Plaintiff's claims against the co-Defendants to divest the Court of jurisdiction over the Plaintiff's claims against New Partners." (Doc. # 137 at 2). However, this contention is misplaced in light of the requirement that Shamblin receive complete relief.

>The TCPA provides in relevant part that,
>
>A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to **enjoin** such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)(emphasis added). Accordingly, as the TCPA provides that an injunction is an appropriate remedy sought under the statute, and because Shamblin did in fact seek to enjoin all the Defendants in this action, an Offer of Judgment without full injunctive relief diminishes the value of the judgment Shamblin seeks. Thus, the Second Offer of Judgment, which included injunctive relief only against New Partners Consulting, Inc., even if for the full monetary amount, does not encompass the entire value of relief Shamblin seeks because it does not and cannot include an injunction against the other Defendants in this action. Lynch, 2011 WL 2457903.

Although New Partners Consulting, Inc. has failed to provide this Court with binding precedent regarding this issue, it does heavily rely on a decision from the Seventh Circuit. Specifically, New Partners Consulting, Inc. urges this Court to follow <u>Martin v. PPP, Inc.</u>, 719 F. Supp. 2d 967 (N.D. Ill. 2010), where the court dismissed the plaintiff's claims against one defendant and allowed the plaintiff to proceed against the other defendant. However, notably absent from New Partners Consulting, Inc.'s analysis is that "[i]f a plaintiff files a class certification motion during the ten-day period following an offer of judgment, the case is not mooted." <u>Martin</u>, 719 F. Supp. 2d at 970. "Rule 68 allows a plaintiff ten days to accept or reject the offer, and courts have held that it is during this ten-day period that a plaintiff may save his claim from mootness by filing a motion for class certification.' <u>Damasco v. Clearwire Corp.</u>, No. 10-CV-3063, 2010 WL 3522950, at *9 (N.D. Ill. Sept. 2, 2010) <u>aff'd,</u> 662 F.3d 891 (7th Cir. 2011).

Here, New Partners Consulting, Inc. served Shamblin with a Rule 68 Offer of Judgment on November 13, 2014. (Doc. # 145-1). Shamblin filed her Motion to Certify Class on November 17, 2014. (Doc. # 146). As Shamblin's motion was filed within the ten day window prescribed by the Seventh Circuit, the

<u>Martin</u> case is less than helpful to New Partners Consulting, Inc.'s position.

For the reasons set forth above, this Court finds that New Partners Consulting, Inc.'s Second Offer of Judgment failed to provide "maximum allowable relief" to Shamblin and therefore did not moot Shamblin's claim and deprive this Court of subject matter jurisdiction. As a result, New Partner Consulting, Inc.'s Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant New Partner Consulting, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 145) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>26th</u> day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record