UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI SHAMBLIN, individually
and on behalf of all others
Similarly situated,

    Plaintiffs,

v.                          Case No. 8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the Motion of the American Association of Political Consultants (AAPC) for Leave to File Amicus Curiae Brief. (Doc. # 167). Plaintiff, Lori Shamblin, filed her response in opposition to the Motion on December 23, 2014. (Doc. # 175). After due consideration of this issue, the Motion is denied.

**Discussion**

AAPC "moves this Court for leave to file an Amicus Curiae brief for the limited purpose of discussing the constitutional ramifications of the Telephone Consumer Protection Act ("TCPA"), as applied to political telephone calls and the proper standard of review the Court should apply to determine the TCPA's constitutionality." (Doc. # 167).

As stated by AAPC, "District courts have broad discretion to grant amicus curiae the privilege of being heard" whenever it "deems the proffered information timely, useful, or otherwise." (Doc. # 167); <u>Cmty. Ass'nfor Restoration of the Env't v. DeRuyter Bros. Dairy</u>, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999); see also <u>DeJulio v. State</u>, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001) ("The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court."), <u>aff'd in part</u>, <u>rev 'din part on other grounds</u>, 276 F.3d 1244 (11th Cir. 2001). This Court agrees with AAPC's characterization of this Courts authority to grant or deny amicus curiae participation in this case.

Shamblin argues that "the TCPA's constitutionality is not, and has never been, an issue in this action. Although the Defendants have argued unpersuasively that *certifying a class* in this action might chill political speech, no Defendant has advanced a First Amendment challenge against the TCPA itself." (Doc. # 175). Furthermore, Shamblin states that "Because the Political Consultants hope to inject a new issue — one of "first impression" — into this already complex putative class action, the Political Consultants arrive as a

friend of a party, not a friend of the Court." (Id.); See Ryan v. CFTC, 125 F.3d 1062, 1063 (7th Cir. 1997).

This Court agrees that no party has raised a constitutional issue with the TCPA nor have they asked this Court to determine the constitutionality of the TCPA. The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). As stated in Chudasama, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and, under the circumstances of this case, the Court determines that it is appropriate to deny the requested relief. 123 F.3d at 1366. Thus, this Court finds that amicus assistance is not necessary or beneficial to this action at this juncture of the Case. Therefore, the Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion Of The American Association Of Political Consultants For Leave To File Amicus Curiae Brief (Doc. # 167) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of December, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record