```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                        DIVISION
```

LORI SHAMBLIN,

              Plaintiff,

v.                               Case No. 8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, ET AL.,

              Defendants.

_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Lori Shamblin's Motion for Reconsideration of the Court's Order Denying Class Certification (Doc. # 215), filed on May 11, 2015. Defendants filed a Response in Opposition to the Motion on May 22, 2015. (Doc. # 216). The Court denies the Motion as follows.

## I. **Legal Standard**

Plaintiff's Motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mutual Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision

and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.  Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

**II. Analysis**

In the case of the present Motion, Plaintiff attempts to relitigate issues already decided by the Court in the Order denying class certification. Plaintiff does not assert that

there has been an intervening change in the law and, although Plaintiff has attached various exhibits to her Motion for Reconsideration, including the declarations of her attorney and of her expert (Robert Biggerstaff), Plaintiff has not demonstrated that these items are "new evidence," such that reconsideration is warranted.

Plaintiff argues that reconsideration is needed to correct clear error or manifest injustice. These arguments are unavailing. For instance, Plaintiff argues that the Court "ignore[s] the case law" and references <u>Knutson v. Schwan's Home Service, Inc.</u>, No. 3:12-cv-964, 2013 WL 4774763, at *7 (S.D. Cal. Sept. 5, 2013). (Doc. # 215 at 3). However, that case was decided under the precedent of the Ninth Circuit and addressed inapposite facts. As Plaintiff has not demonstrated why the <u>Knutson</u> case is binding (or even persuasive), the Court's failure to include a discussion of <u>Knutson</u> does not warrant an order of reconsideration.

The Court likewise rejects as complete hyperbole Plaintiff's assertion that "no TCPA case could ever be certified" applying the Court's legal analysis as set forth in the Order denying class certification. (Doc. # 215 at 3). The Court carefully discussed the unique facts presented after holding an evidentiary hearing and exercised its discretion to

deny class certification *in this case.*[1] The Court's opinion should not be interpreted to exclude class certification in other TCPA cases, and it certainly should not be read as a wholesale bar on all TCPA cases.

In addition, the Court has considered and roundly rejects Plaintiffs' contention that the Court violated the Hobbs Act by expanding the positions of the FCC regarding the consent exception to the TCPA. "In the Hobbs Act, 28 U.S.C. § 2342, Congress unambiguously deprived the federal district courts of jurisdiction to invalidate FCC orders by giving exclusive power of review to the courts of appeals." Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1113 (11th Cir. 2014). In that case, the district court, "[c]ut loose from any FCC rulemaking concerning the meaning of prior express consent" entered an Order "interpreting the language found in the [TCPA] Act afresh." Id. The Eleventh Circuit reversed the district court and determined "[t]he district court exceeded its jurisdiction by declaring the 2008 FCC Ruling to be inconsistent with the TCPA." Id. at 1119. The Court is well

---

[1] The Court's denial of class certification is reviewed for an abuse of discretion. Lakeland Regional Medical Center v. Astellas US, LLC, 763 F.3d 1280, 1291 (11th Cir. 2014). "As long as the district court's reasoning stays within the parameters of Rule 23's requirements for the certification of a class, the district court's decision will not be disturbed." Id.

aware of its limited role, which is deferential to FCC interpretations and proclamations in the context of TCPA cases. Id. It is the FCC's role to interpret the TCPA, and this Court must not alter or otherwise expand the FCC's interpretation. Id.

Although this Court discussed an FCC ruling, and applied such ruling to the particular facts presented, it did not make the mistake of expanding any FCC ruling. Specifically, in denying class certification, the Court noted: "In 2008, the FCC reaffirmed its position that a person who releases his/her phone number had offered 'express consent' under the TCPA, adding that 'the legislative history in the TCPA provides support for this interpretation." (Doc. # 214 at 27)(citing In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 564 (2008)). In this regard, to the extent Plaintiff contends that the FCC ruling this Court discussed is limited to the context of debt collection calls, her argument is not supported by FCC's Ruling itself. In the 2008 Ruling, the FCC noted:

> In this Declaratory Ruling, we address a Petition for Expedited Clarification and Declaratory Ruling filed by ACA International. In this ruling, we clarify that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party.

-5-

Id. at 559.

The Court acknowledges that the relevant 2008 FCC Ruling was handed down in the debt collection context, that Ruling applied the general proposition first enunciated in a 1992 FCC Order (In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769 at ¶ 31 (Oct. 16, 1992), 1992 WL 690928)), which was not directed to or limited to the debt collection context. See also Murphy v. DCI Biologicals Orlando, LLC, No. 6:12-cv-1459, 2013 U.S. Dist. LEXIS 181732, at *31 (M.D. Fla. Dec. 31, 2013)("The 1992 FCC Order is clear that providing a number constitutes express consent to be auto-dialed under the TCPA" and by voluntarily disclosing his cellular telephone number, a blood donor gave prior express consent to be called at that number, and auto-dialed text messages requesting more donations therefore did not violate the TCPA.).

Last, the Court rejects Plaintiff's contention that class certification may be granted after giving Plaintiff the opportunity to prepare a new class definition. Plaintiff's attempt to amend the class definition in a motion for reconsideration is unavailing, especially as Plaintiff fails to explain how a new definition will satisfy the weighty requirements of Rule 23, which this Court previously determined were not met under the particular facts of this

case. See <u>Polo v. Goodings Supermarkets, Inc.</u>, 232 F.R.D. 399, 402 (M.D. Fla. 2004)(wherein the court explained that discovery had proceeded for nearly a year, there was extensive briefing, and the plaintiff "had adequate time to develop relevant facts" and ultimately concluded that "this Court has no obligation to craft a new class.").

The Court has given this matter careful attention both at the motion for class certification stage and now, when faced with Plaintiff's Motion for Reconsideration. After due consideration, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Lori Shamblin's Motion for Reconsideration of the Court's Order Denying Class Certification (Doc. # 215) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of June, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record