```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LORI SHAMBLIN,

        Plaintiff,
v.                                    Case No. 8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, ET AL.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Obama for America, DNC Services Corporation, and New Partners Consulting, Inc.'s Joint Combined Motion in Limine (Doc. # 219), filed on June 2, 2015. Plaintiff Lori Shamblin filed a Response in Opposition to the Motion on June 17, 2015. (Doc. # 221). The Court grants the Motion in part and denies the Motion in part as discussed below.

**I.   Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's

position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried. See LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of

2

discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II. Analysis

After receiving several unsolicited, autodialed calls to her cellular telephone urging her to vote for Barack Obama in the 2012 presidential election, Shamblin filed a putative class action against the Defendants under the Telephone Consumer Protection Act on September 19, 2013. (Doc. # 1). Thereafter, with leave of Court, she filed an Amended Complaint on June 3, 2014, (Doc. # 87) and a Second Amended Complaint, pursuant to Rule 15(a)(2), Fed. R. Civ. P., on August 14, 2014. (Doc. # 109).  Shamblin initially moved for class certification on September 20, 2013 (Doc. # 5), which this Court denied without prejudice in an Order entered on October 9, 2013. (Doc. # 13).  On September 23, 2014, Shamblin filed an Amended Motion for Class Certification (Doc. # 120), which the Court again denied without prejudice on November 5,

3

2014. (Doc. # 140). On November 17, 2014, Shamblin renewed her motion for class certification. (Doc. # 146). After considering <u>Daubert</u> Motions and hearing oral argument, the Court denied class certification on April 27, 2015. (Doc. # 214). This case is set for a jury trial during the Court's October, 2015, trial term.

At this juncture, Defendants seek an Order excluding evidence that this case was filed as a putative class action and "excluding any evidence relating to the 'additional calls' referred to in Paragraph 24 of the Second Amended Complaint." (Doc. # 219 at 1).

### A. **Putative Class Action**

Defendants argue that evidence of Shamblin's attempt to litigate this case as a class action is inadmissible as specified in Rule 402, Fed. R. Evid., and, even if it is admissible, that such evidence should be excluded as unduly prejudicial under Rule 403, Fed. R. Evid.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Defendants remark: "that this case was being pursued as

4

a class action has no tendency to make any fact at issue with respect to the individual claims of the named Plaintiff more or less probable." (Doc. # 219 at 4). Shamblin counters that "the complete story is necessary for the jury to understand the evidence, and to in fact ensure a fair trial." (Doc. # 221 at 6). It is not clear to the Court how the procedural history of this case, including Plaintiff's failed attempt at class certification, has any tendency to make any fact at issue more or less probable. Instead, as correctly suggested by Defendants, it is appropriate to exclude this evidence based on relevance.

In addition, even if Shamblin could show that the unsuccessful class certification proceedings are relevant to the trial of her individual claims, the Court is inclined to exclude the evidence based on Rule 403, Fed. R. Evid. That Rule gives the Court discretion to exclude relevant evidence if its probative value is outweighed by the danger of unfair prejudice, juror confusion, or other considerations. Although the Eleventh Circuit has cautioned that Rule 403 should be applied sparingly, the Court determines that complex procedural proceedings, such as those undertaken at the Rule 23, Fed. R. Civ. P., class certification stage, pose a significant risk of juror confusion. See United States v.

5

Sawyer, 799 F.2d 1494, 1506 (11th Cir. 1986). This is especially so after considering that Shamblin's proposed class definition evolved over three separate versions of the Complaint (Doc. ## 1, 87, 109), and that the Court issued successive detailed Orders concerning Shamblin's request for class certification after hearing oral argument in conjunction with conducting Daubert proceedings. (Doc. ## 140, 214). The Motion in Limine is accordingly granted as to the class certification proceedings.

  **B.** **"Other Calls"**

Shamblin summarizes her contentions regarding the alleged robocalls placed to her cellular telephone as follows: "Shamblin claims that two robocalls to her cell phone left a pre-recorded voicemail from Obama for America ('OFA') and that she was able to observe on her phone call history log that a total of five calls accessed her cell phone with the same originating number as the two that left the OFA voicemail." (Doc. # 221 at 1). Defendants seek an order limiting the presentation of the evidence to the two calls that left a prerecorded voicemail. Shamblin alleges that she received three additional calls from the same number identified in the recorded messages left by Obama for America, but that voice messages were not captured for these additional calls. (Doc.

6

# 109 at ¶ 24). Because Shamblin no longer has her cellular telephone to which the calls in dispute in this case were made, Defendants remark that "there is simply no evidence of these additional calls." (Doc. # 219 at 2-3). However, in the same paragraph, Defendants concede that Shamblin created a "call log" tracking calls made to her cellular telephone. (Id. at 2).

Defendants argue that because Shamblin did not answer the telephone calls and no voice message was left, Shamblin "cannot establish whether the calls were made manually, with a live person, by whom, what the subject matter of the calls were or any other fact regarding such calls." (Id. at 3). Shamblin persuasively counters that "it is for the fact finder to determine whether five robocalls were initiated by the Defendants to Shamblins' cell phone."  (Doc. # 221 at 3-4). The Court will instruct the jury on the elements of a Telephone Consumer Protection Act claim, and the jury can decide, based on the evidence presented, whether any call in dispute was placed in violation of the Act.  The Motion is accordingly denied as to the "other calls" referenced in paragraph 24 of the Second Amended Complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Obama for America, DNC Services Corporation, and New Partners Consulting, Inc.'s Joint Combined Motion in Limine (Doc. # 219) is **GRANTED in PART and DENIED in PART** consistent with the foregoing.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>13th</u> day of July, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel and Parties of Record