```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

LORI SHAMBLIN,

        Plaintiff,
v.                              Case No. 8:13-cv-2428-T-33TBM

OBAMA FOR AMERICA, ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants Obama for America and DNC Services Corp.'s Combined Motion for Entry of Judgment for Injunctive Relief and to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 232), filed on October 9, 2015.  On October 15, 2015, Plaintiff Lori Shamblin filed a Response in Opposition to the Motion (Doc. # 234) and, with leave of the Court, Obama for America and DNC Services filed a Reply. (Doc. # 237).  For the reasons that follow, the Court grants the Motion to the extent it grants injunctive relief and, thereafter, closes the case.

**Discussion**

After multiple rounds of motions for class certification and motions to dismiss, as well as summary judgment proceedings, this Telephone Consumer Protection Act case is set for a one-day bench trial this month.  In these proceedings, the Court has carefully considered whether

Shamblin should be authorized to prosecute this case on a class wide basis and, after holding a hearing, the Court denied Shamblin's request for class certification on April 27, 2015. (Doc. # 214). Thereafter, New Partners, one of three named Defendants, entered into a settlement agreement with Shamblin offering full monetary relief. (Doc. # 232-1)

Thereafter, the remaining two Defendants, Obama for America and DNC Services, sought to settle with Shamblin by agreeing to the entry of the following injunction:

> Obama for America and DNC Services Corp. are hereby enjoined from violating the TCPA in the future by placing auto-dialed or pre-recorded calls or text messages to the identified SHAMBLIN's cellular telephone number or to any other phone number used by and identified by SHAMBLIN in writing to Defendants.

(Doc. # 234 at 9).

At this juncture, Defendants seek entry of the above injunction and, thereafter, dismissal of the case. Defendants argue that, because Shamblin has been offered full relief, the matter is moot and the Court accordingly lacks subject matter jurisdiction. (Doc. # 232). Defendants indicate that "Plaintiff's continued prosecution of this action represents an impermissible attempt to continue to prosecute an[] action where there is no actual controversy." (Id. at 4).

To her credit, Shamblin appears to concede that she has

2

been fully compensated, monetarily, and is not entitled to any damages from the remaining Defendants, as New Partners paid the full amount of statutory damages and taxable costs available for the alleged violations of the TCPA.[1] Shamblin, however, contends that her claims have not been satisfied because she is entitled to a broader injunction than that which was offered by Obama for America and DNC Services. To that end, Shamblin seeks an injunction barring the remaining Defendants from any future violations of the TCPA, as follows:

> Obama for America and DNC Services Corp., and their respective officers, directors, employees, and agents, are hereby permanently enjoined from violating the TCPA by sending or transmitting auto-dialed or pre-recorded calls to cell phones without prior express consent.

(Doc. # 234 at 9).

Importantly, Shamblin argues that "[w]hatever the proper scope of a statutory injunction, judgment reciting the terms of a Court-Ordered injunction should enter, not a judgment of dismissal for lack of subject matter jurisdiction." (Doc. # 234 at 3).

Thus, the Court is called upon to determine whether Shamblin is entitled to a narrow injunction prohibiting the

---

[1] The Supreme Court has instructed that "the courts can and should preclude double recovery by an individual." Gen. Tel. Co. v. EEOC, 446 U.S. 318, 333 (1980).

remaining Defendants from placing certain calls to Shamblin, or to a sweeping injunction barring the remaining Defendants from any and all future conduct that may violate the TCPA. In answering this question, the Court is mindful that "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to plaintiff[]." Califano v. Yamasaki, 442 U.S. 682, 702 (1979). Furthermore, "The law requires that courts closely tailor injunctions to the harm that they address." Osmose, Inc. v. Viance, LLC, 612 F.3d 1298, 1323 (11th Cir. 2010)(quoting ALPO Petfoods, Inc. v. Ralston Purina Co., 913 F.2d 958, 972 (D.C. Cir. 1990)).

Upon due consideration, the Court determines that Shamblin is entitled to the narrower injunction offered by Obama for America and DNC Services. As argued by these Defendants: "This Court has already determined that this case is not appropriate for class certification and is to proceed on an individual basis only. Thus, Plaintiff is only entitled to individual relief." (Doc. # 237 at 3). Although Shamblin refers to a private attorney general provision of the TCPA, the Court's detailed Order denying class certification limited the scope of this action to Shamblin's individual claims and forestalled her from pursuing class-wide relief.

In addition, the Court rejects Shamblin's contention that

4

she is entitled to a broad injunction based on the prayer for relief contained in her Second Amended Complaint, which sought sweeping injunctive relief. It is true that "Shamblin never limited her request for relief to enjoin autodialed calls or prerecorded calls to 'Plaintiff's' cellular number." (Doc. # 234 at 2). However, the Court's denial of class certification limited the scope of this case to Shamblin's alleged injuries and no others.  Thus, even if the operative Complaint seeks broad injunctive relief, this Court's task is to craft an injunction narrowly tailored to Shamblin on an individual basis.

The Court finds that Obama for America and DNC Services' agreement to be bound by an injunction, as outlined above, offers Shamblin full and complete relief with respect to her individual TCPA claim--which is the only claim that remains to be decided.  The Court accordingly grants Defendants' Motion by entering Defendants' proposed injunction as the Judgment of the Court. Because "you cannot persist in suing after you've already won," the Court determines that it is not necessary to hold a bench trial in this case. <u>Dean v. Cmty. Dental Servs., Inc.</u>, No. 8:12-cv-1507-T-33AEP, 2012 U.S. Dist. LEXIS 133727 at *3 (M.D. Fla. Sept. 19, 2012).  After entry of the injunction, the case shall be closed.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Obama for America and DNC Services Corp.'s Combined Motion for Entry of Judgment for Injunctive Relief and to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 232) is **GRANTED** to the extent the Court grants injunctive relief as outlined herein.

(2) It is the Judgment of the Court that Obama for America and DNC Services Corp. are hereby enjoined from violating the TCPA in the future by placing auto-dialed or pre-recorded calls or text messages to the identified SHAMBLIN's cellular telephone number or to any other phone number used by and identified by SHAMBLIN in writing to Defendants.

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of October, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel  of Record